DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michelle Schuster, | CASE NO. 5:09 CV 1419 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kent State University, | |
| Defendant. | |

Plaintiff Michelle Schuster has alleged in her complaint that defendant Kent State University retaliated against her and wrongfully terminated her employment as Director 1of Enrollment Management and Student Services at Kent State University's Geauga Campus in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* Defendant filed a motion for summary judgment on the grounds that there are no material facts in dispute and they are entitled to judgment as a matter of law. ECF 36. Plaintiff opposed defendant's motion for summary judgment (ECF 38), to which defendant replied (ECF 40). For the reasons contained herein, defendant's motion for summary judgment is DENIED.

I. FACTUAL BACKGROUND

Plaintiff Michelle Schuster began her employment with defendant Kent State University (KSU) in February 2004 at the Twinsburg location of KSU's Geauga Campus. In Summer 2004, she moved to the Geauga Campus as Interim Director 1of Enrollment Management and Student Services, and was appointed Director 1 of Enrollment Management and Student Services in July 2005. Plaintiff received satisfactory performance evaluations through the Summer of 2007.

(5:09 CV 1419)

In the Summer of 2007, plaintiff was expecting a child and applied for FMLA leave. Plaintiff's child was born on August 26, 2007, and she returned to work on December 3, 2007. During plaintiff's leave, David Chappell acted as the Interim Director of Enrollment Management and Student Services.  However, at some point during plaintiff's leave, her supervisor, Dean Howard Mohan, assumed responsibility for operation of the department until Schuster returned to work in December 2007.  Dean Mohan contacted plaintiff in September 2007 at home to inform her that things were not going well in her absence, and that he was taking over the department's operation and that Chappell was assisting him.  Plaintiff alleges that Mohan was unhappy with her absence and the reason for Mohan's call was to insinuate that she should return early from her leave and get her department back in order.  Defendant disputes this allegation.

There are a number of other undisputed events that took place in the months between plaintiff's application for FMLA leave and her termination as Director 1.  However, the parties dispute the facts surrounding these events.  For example, it is undisputed that plaintiff took leave, but the parties dispute what, if any, steps that plaintiff took to prepare her department in anticipation of that leave.  It is undisputed that in October 2007, Dean Mohan cancelled a process that was underway in KSU's human resources department to consider plaintiff for the upgraded position of Director 2 of Enrollment Management and Student Services.  However, the parties dispute the factual bases and reasons for his action.  It is also undisputed that Dean Mohan's performance evaluation of plaintiff in Summer 2008 was less favorable than his evaluation of her in Summer 2007, and that plaintiff was terminated from her Director 1 position.

(5:09 CV 1419)

A number of performance based reasons are offered by defendant as the bases for her 2008 evaluation and termination, including, for example, declining enrollment for Fall 2008. However, plaintiff has advanced evidence that there was an increase in Fall 2008 enrollment as compared to Fall 2007, and argues that defendant's claim that plaintiff was terminated because of poor performance is pretextual.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 . When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  U.S. v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"[T]he threshold inquiry [is] whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Therefore, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*. at 251-52.  *See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be

(5:09 CV 1419)

drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### III. ANALYSIS and CONCLUSION

When considering a motion for summary judgment, the Court must construe all reasonable inferences in favor of the non-moving party. The central question is whether the evidence is so one-sided that the moving party must prevail as a matter of law, or whether the evidence presents sufficient disagreement so as to require submission to a fact-finder.

The Court has carefully reviewed the parties' briefs and submissions both in support of and in opposition to defendant's motion for summary judgment. When construing the evidence in the light most favorable to the plaintiff, the Court finds that there are genuine issues of material fact in dispute regarding plaintiff's employment with defendant KSU that can be resolved only by a finder of fact because those factual issues may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby,* 477 U.S. at 250. Accordingly, the Court concludes that the evidence is not so one-sided that the moving party must prevail as a matter of law, and the conflicting proof and inferences raise genuine issues of material fact that precludes summary judgment.

(5:09 CV 1419)

Defendant's motion for summary judgment is DENIED.[1] This case shall proceed to trial as currently scheduled on standby basis for the two-week period beginning October 18, 2010.

IT IS SO ORDERED.

| | |
|---|---|
|  August 2, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[1] Plaintiff moved to strike the affidavits of John Granny and Dean Howard Mohan which were attached to defendant KSU's motion for summary judgment (ECF 37). Given the Court's conclusion that summary judgment should not be granted in this case, the Court views the motion to strike as moot and directs the Clerk to terminate the motion as such.